UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALEXANDER GLOVER,**

      **Plaintiff,**

**v.**                                    **Case No: 6:24-cv-338-ACC-EJK**

**TAYLOR MARINI and CITY OF ORLANDO,**

      **Defendants.**

**ORDER**

This cause comes before the Court on Plaintiff's Unopposed Motion for Reconsideration of the Court's Order to Appoint Plenary Guardian (the "Motion") (Doc. 30), filed November 11, 2024, which the Court will construe to be a renewed motion rather than a motion for reconsideration. For the reasons set forth below, the Motion is due to be granted.

## I.    BACKGROUND

On February 23, 2024, adult Plaintiff filed a complaint against Taylor Marini ("Marini") and the City of Orlando (collectively, "Defendants"). (Doc. 1.) In the Complaint, Plaintiff asserts claims against Marini for violations of 42 U.S.C § 1983 for excessive force and battery. (*Id*.) Plaintiff further asserts state law claims against the City of Orlando for false arrest and imprisonment, and negligent hiring, supervision, and retention under this Court's supplemental jurisdiction pursuant to 28 U.S.C § 1367. Plaintiff previously filed an Unopposed Petition to Appoint Plenary Guardian

(Doc. 26), which this Court denied because Plaintiff failed to establish that Plaintiff had been determined to be incompetent. (Doc. 27.) Plaintiff now brings the present Motion to request that the Court appoint Attorney Kelly B. Sims as guardian ad litem to represent Plaintiff. (Doc. 30.)

## II. STANDARD

The Eleventh Circuit has held that "[i]t is well settled that the appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure." *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (quoting *Roberts v. Ohio Cas. Ins. Co.,* 256 F.2d 35, 38 (5th Cir.1958)). When an individual is determined incompetent, Federal Rule of Civil Procedure 17 provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem" and that "[t]he Court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P.17(c)(2). "The following representatives may sue or defend on behalf of a minor or an incompetent person: a general guardian, a committee, a conservator, or a like fiduciary." Fed. R. Civ. P.17(c)(1). Unless an incompetent individual is represented by a general guardian, committee, conservator, or other like fiduciary, they are not considered represented under Rule 17(c). *Scannavino v. Fla. Dep't of Corr.*, 242 F.R.D. 662, 666 (M.D. Fla. 2007) (citing *Neilson v. Colgate–Palmolive Co.,* 199 F.3d 642, 656 (2d Cir. 1999)).

"The sole purpose of the appointment of a guardian ad litem 'is to protect the interests of the incompetent person.'" *Id.* at 667 (citing *Richards v. Duke University,* 166 Fed.Appx. 595, 599 (3d Cir. 2006)). "Under Rule 17(c), a district court must appoint a guardian ad litem if it receives 'verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent.'" *Id.* (citing *Ferrelli v. River Manor Health Care Ctr.,* 323 F.3d 196, 201 (2d Cir. 2003)).

### III. DISCUSSION

Plaintiff states that the Circuit Court for the Ninth Judicial Circuit declared Plaintiff incompetent and that Plaintiff's forensic psychological assessment reports also show that Plaintiff has been declared incompetent. (Doc. 30 at 1.) Accordingly, Plaintiff requests that the Court appoint Attorney Kelly B. Sims as guardian ad litem. (*Id.*) The Court has reviewed Plaintiff's forensic psychological assessment reports (Doc. 35) and the executed order from the Circuit Court of the Ninth Judicial District (Doc. 30-1), which show that Plaintiff was declared incompetent. Since Plaintiff has presented verifiable evidence from a mental health professional to establish incompetence, the Court concludes that the appointment of a guardian ad litem is necessary to protect Plaintiff's interests. *See Scannavino,* 242 F.R.D. at 667; Fed. R. Civ. P. 17(c)(1), (2).

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's Unopposed Motion for Reconsideration of the Court's Order to Appoint Plenary Guardian (Doc. 30), construed as a renewed motion, is **GRANTED**. The Court appoints Attorney Kelly B. Sims to serve as guardian ad litem.

**DONE** and **ORDERED** in Orlando, Florida on December 10, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE